WATFORD, Circuit Judge, concurring:
I agree with my colleagues that the record does not support allocating 100% of the clean-up costs to TDY. In my view, though, the record does support something close to that.
*1150 The district court found that TDY was solely responsible for the acts that led to the environmental contamination at issue here. Those acts consisted primarily of TDY's employees' failure to clean up drips and spills of chromium, chlorinated solvents, and PCBs, along with the employees' careless storage and disposal practices, all of which allowed the chemicals to seep into the soil and groundwater beneath the plant. The district court found that these aspects of the plant's day-to-day operations were solely under TDY's control; they were not controlled or directed by the government.
TDY doesn't challenge these factual findings on appeal. Its sole contention is that, despite these findings, the government should still bear all or most of the liability for cleaning up the site because the contamination occurred while TDY was performing government defense contracts. TDY is right that the government must be required to foot at least a portion of the bill. But I agree with TDY on that score only because, as the court notes, the government required TDY to use two of the three chemicals (chromium and chlorinated solvents) at a time when neither TDY nor the government had any reason to know that these chemicals were hazardous. Of course, because the government did not know of the hazards posed by the chemicals, it can't be faulted for failing to warn TDY. But equity demands that the government bear at least some responsibility for having required an unsuspecting contractor to use chromium and chlorinated solvents in the first place. As far as the record discloses, those are chemicals TDY might have chosen not to use if left to its own devices. (I see no reason to disturb the district court's allocation of clean-up costs with respect to contamination caused by PCBs, since the government did not require TDY to use PCBs.)
That the government must, as a matter of equity, be allocated some share of the clean-up costs does not mean that its share must be substantial. TDY suggested at oral argument that the district court would abuse its discretion on remand if it failed to allocate at least 50% of the clean-up costs to the government. I don't think that's right, given the district court's unchallenged factual findings. The court found that the government was innocent in requiring use of chromium and chlorinated solvents, and that the actions of TDY's employees caused the contamination as part of plant operations solely under TDY's control. In light of those findings, the court remains free on remand to allocate the lion's share of liability to TDY. It just has to allocate some portion of the clean-up costs to the government to reflect the government's role in mandating the use of chromium and chlorinated solvents. As long as the court does that, it retains the discretion, within a fairly wide band, to arrive at an equitable cost allocation.